IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTINE LUCAS
Trustee, Robert Lucas Family Trust
         Plaintiff,

v.                                   CIVIL ACTION NO. PJM-14-915

CITIMORTGAGE, INC.
         Defendant.

## **MEMORANDUM OPINION**

Plaintiff, a resident of Cabin John, Maryland, filed this Complaint against CitiMortgage, Inc., invoking this court's federal question and diversity jurisdiction under 28 U.S.C. §§ 1331, 42 U.S.C. § 1982, and Article XIII of the United States Constitution. She seemingly alleges that Defendant was involved in the illegal foreclosure of family property at 5 Carver Road, Cabin John, Maryland, and that a long term dispute of property ownership has existed due to the fraudulent misrepresentations of the former trustee, her brother Jonnie Lucas, Sr., who illegally used the property to obtain $500,000.00 in loans with the assistance of "lending personnel." Plaintiff avers that many civil actions have been filed in the Maryland courts surrounding the real property. She seeks leave to proceed in forma pauperis and asks that she be granted damages and that Defendant be enjoined from trespassing on the aforementioned property. Because she appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted. Her Complaint, however, shall be dismissed for reasons to follow.

In 2011, Plaintiff filed a federal Complaint against CitiMortgage, Inc. and the law firm that engaged in foreclosure proceedings involving the Carver Road property on behalf of CitiMortgage, Inc. *See Lucas v. Bierman, Geesing, Ward, LLC, et al.*, Civil Action No. DKC-11-161 (D. Md.).

The court found the Complaint was subject to dismissal for lack of subject matter jurisdiction.

On April 23, 2013, Plaintiff filed a second Complaint against CitiMortgage, Inc. alleging fraudulent conduct. The Complaint was summarily dismissed on May 22, 2013. *See Lucas v. CitiMortgage, Inc.*, Civil Action No. AW-13-1196 (D. Md.). On October 24, 2013, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the Court. See *Lucas v. CitiMortgage, Inc.*, 544 Fed. App'x, 195 (4th Cir. 2013).

To the extent that Plaintiff is attempting to collaterally attack state court orders involving the Cabin John property, the *Rooker-Feldman* doctrine will not permit her to do so. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), the Supreme Court formulated a general rule which distinguishes general constitutional challenges to state laws and regulations over which federal courts have jurisdiction from requests for review of specific state court decisions over which they have no jurisdiction. Federal claims which are "inextricably intertwined with" state court decisions in judicial proceedings fall outside of the federal court's jurisdiction. *See Feldman*, 460 U.S. at 486-87. The *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284; *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Davani v. Virginia Department of Transportation*, 434 F. 3d 712 (2006). Simply put, the *Rooker-Feldman* doctrine is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions. If the source of the alleged injury is the state court decision, then the *Rooker-Feldman* doctrine will apply

to divest the district court of jurisdiction. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2nd Cir. 2005).

Further, consideration of Plaintiff's claims would require the undersigned to reconsider prior state court decisions, including orders and judgments determining real property rights. As Plaintiff's allegations are "inextricably intertwined" with decisions of Maryland state courts, the court lacks subject matter jurisdiction of these claims under *Rooker-Feldman*.[1] Therefore, the cause of action shall be dismissed. *See* 28 U.S.C. § 1257. Further, any state court decision is entitled to both issue and claim preclusive effect. *See* 28 U.S.C. § 1738, *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 84-86 (1984). Federal courts must give the state judgments the same effect as would the courts of the judgment state.[2] Consequently, insofar as Plaintiff is seeking to re-file her concluded state court complaint against CitiMortgage, Inc. here, any state court judgment against Plaintiff bars her from seeking review over the matter in this court.

Further, the doctrine of *res judicata* involving federal court litigation encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine contemplates, at a minimum, that courts not be required to adjudicate nor defendants to address

---

[1] The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine") that a United States District Court has no authority to review final judgments of a state court in judicial proceedings except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only federal court that may review a state court's judicial decisions. *See* 28 U.S.C. § 1257(a).

[2] In Maryland *res judicata* applies when there has been a final judgment on the merits, there exists identity of the parties or privies, and the causes of action in successive suits are the same. *See Snell v. Mayor of Havre de Grace*, 837 F.2d 173, 175 (4th Cir. 1988). Further, under Maryland law collateral estoppel applies if the issue decided in prior adjudication is identical to issue in the present action, there was a prior final judgment on the merits, and the party against whom the decision is being used was party to the prior action. *O'Reilly v. County Bd. of Appeals*, 900 F.2d 789, 791 (4th Cir. 1990).

successive actions arising out of the same transaction and asserting breach of the same duty. *See Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 563 (5th Cir. 1983). For a prior judgment to bar an action on the basis of *res judicata,* the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander,* 321 F.3d, 467, 472 (4th Cir. 2003).

Federal courts and Maryland state courts have adopted the "transaction test" to determine the identity of the causes of action. *See Adkins v. Allstate Ins. Co.,* 729 F.2d 974, 976 (4th Cir. 1984); *DeLeon v. Slear,* 328 Md. 569, 589-90 (Md. 1992). Under this test, claims are considered a part of the same cause of action when they arise out of the same transaction or series of transactions. In determining whether the causes of action stem from the same transaction or series of connected transactions, courts consider such pragmatic factors as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *See* Restatement (Second) of Judgments § 24(2) (1982). Claims may also arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief. *Id.*

Comparing Plaintiff's prior District Court actions with the present suit, the Court finds Plaintiffs' claims arise out of the same transactions or occurrences. Indeed, it appears that Plaintiff has once again raised allegations presented in earlier federal actions against CitiMortgage, Inc. The *res judicata* implications of these facts are clear and the Court shall not revisit the claims raised against Defendant in light of the estoppel effect of the prior ruling.

In sum, Plaintiff may not litigate anew claims previously dismissed by this court and the Circuit Court for Montgomery County, Maryland. The Complaint shall be dismissed.

Date: April 1, 2014

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE